UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 23-CR-123-1 (RDM) |
| | : | |
| DAVID MARESCA, | : | |
| | : | Motions Hearing: June 26, 2025 |
| Defendant. | : | |

**UNITED STATES' MEMORANDUM IN AID OF STATUS CONFERENCE**

At the May 28, 2025 status conference, the Court requested that the government speak to the Special Agent Melissa Lawrence regarding the 29 devices seized during the execution of the May 6, 2021 search warrants to gather additional information about the progress that has been made in the government's review of the data extracted from these devices. The government has completed the Court's request and respectfully proffers the following:

The search warrants were executed at two locations (1) defendant Maresca's residence, and (2) the Themis Offices—both located in Virginia. A total of 29 digital devices were seized. At the residence, 15 digital devices were seized (two desktops, five laptops, one computer tower, four Apple iPhones, and three Apple iPads). At the offices, 14 digital devices were seized (11 desktops, laptops, or computer towers, and three iPhones).[1] In order to review the 29 devices, the FBI Computer Analysis Response Team ("CART") had to process the items.

When processing devices, the CART team undertakes a series of steps to include documenting the physical item, forensically imaging the item, performing an integrity check of the forensic image, processing the image to make the data readable, and generating a portable case of the raw dataset (i.e. an unfiltered master copy). Only after CART completes this process can the

---

[1] The 11 desktop, laptops, or computer towers were forensically imaged at the search site onto two hard drives that were taken off-site by law enforcement.

Filter team begin to review the devices for privileged materials. The Filter team is not connected to the underlying investigation, as such, they are not positioned to conduct a relevance review of the material, nor is the Filter team ideally situated to identify potential *Brady* information because they are not privy to details of the investigation. Rather, the purpose of the Filter team is to identify privileged materials so that those materials can be segregated out of the data provided to the Prosecution team to review for relevance (both inculpatory and exculpatory).

Here, the Filter team has worked with the defense to review and "clear" (i.e., certify that the data is not privileged or create a version of the data that has removed any privileged material) 19 of the 29 devices—essentially all the devices except for the Apple iPhones and iPads—and has provided the cleared data from those 19 devices to Special Agent Lawrence. In accordance with Attachment B of the respective search warrants, Special Agent Lawrence has run relevancy terms and date filters on the data sets. This process is often referred to as "scoping" and resulted in a data set of seized material in accordance with Attachment B of the warrant.[2] In speaking with Special Agent Lawrence, the government proffers the following responses to the Court's questions:

1. What devices were searched?
    a. All 29 devices were "searched" meaning CART forensically imaged the devices, that is, extracted the data from the physical items.
2. Who is doing the scoping?
    a. Special Agent Melissa Lawrence

---

[2] Attachment B of the respective search warrants describes the Property to be Seized. The attachment lists categories of materials which law enforcement may seize in the execution of the warrant. As a practical reality in seizing computers and other electronic storage media that contain large amounts of information, it is impractical for law enforcement to review all the information contained therein. Agents use date limitations and relevancy terms to as tools to sort and seize materials that fall within the scope of Attachment B.

3. What devices were scoped?

   a. 19 devices have been "scoped" meaning Special Agent Lawrence has run date limitation and relevancy terms on the filtered data sets.

4. What is the current status of scoping on any remaining devices?

   a. The only devices that have not made it out of the filter process are the 10 Apple iPhone and iPad products. Special Agent Lawrence is not permitted to review non-filtered material.

5. When will scoping be completed?

   a. Once the privilege review is completed, Special Agent Lawrence can apply the relevancy terms and date limitations on the outstanding devices.

Finally, with respect to the Court's concerns that it may need to conduct an evidentiary hearing to address the defense's motions to suppress the evidence seized through this process and/or enjoin the government from completing this process, the government submits that such an evidentiary hearing should not be necessary. The core factual issue regarding the reasonableness of the search of the 29 devices revolves around the timing of the search warrant execution, specifically the time involved in conducting the filter review. Because counsel for the defense (at least counsel for Mr. Maresca) became involved in this case almost immediately after the execution of the search warrants in May of 2021, this filter process has necessarily involved input and assistance from the defense from the outset. These communications between the Filter team and the defense are well documented and have been produced, to some extent, in prior court filings.

In other words, the Court should be able to resolve any factual questions about the timing of the filter process through a joint proffer by government counsel for the Filter team and defense counsel, supported by the documentary evidence that lays out the timeline of communications

among those parties, and an evidentiary hearing should not be necessary on these issues. A proffer by the parties would answer the Court's factual inquiry and might obviate the need for an evidentiary hearing and allow the Court to address the relevant Fourth Amendment challenges as a matter of law.

Dated: May 30, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

/s/ *Sarah C. Santiago*
John W. Borchert (D.C. No. 472824)
Sarah C. Santiago (GA No. 724304)
Assistant United States Attorneys
601 D Street NW, Room 5.238
Washington, D.C. 20530
John.Borchert@usdoj.gov
(202) 252-7679
Sarah.Santiago2@usdoj.gov
(202) 252-7294